McGAHAN v. CRAWFORD.

1. ASSIGNMENT FOR CREDITORS—COMPLAINT.—There being no allegation in the complaint that a grantee of an insolvent debtor was his creditor, a complaint to set aside conveyances from this debtor to such grantee, as in violation of the assignment law, was properly dismissed.

2. NEW TRIAL—AMENDMENTS.—The Circuit Court having apparently not considered the whole case, the cause was remanded to the lower court for a new trial, with leave to plaintiffs to apply for such amendments to their complaint as may be deemed proper. MR. CHIEF JUSTICE McIVER, *dissenting*.

Before FRASER, J., Laurens, February, 1892.

Action by T. R. McGahan and Charles K. Bates, surviving
partners of Edwin Bates & Co., against D. R. Crawford and
W. R. Crawford, partners as D. R. and W. R. Crawford, and
Dolly M. Crawford, commenced December 20, 1890.

*Messrs. Haskell & Dial* and *W. H. Martin*, for appellant.

*Messrs. Ferguson & Featherstone*, contra.

April 10, 1893.    The opinion of the court was delivered by

MR. JUSTICE McGOWAN.    Previous to the 1st of January,
1885, the defendants, D. R. and W. R. Crawford, brothers,
were partners in business at Goldsville, Laurens County, and,
to all appearances, doing a prosperous business.    But it now
appears that they were then indebted to wholesale merchants
in large sums.    The plaintiffs in February, 1885, obtained a
judgment against D. R. & W. R. Crawford for $760.85, and
about the same time nineteen other judgments were obtained
against them, amounting in the aggregate to a very large sum.
And on December 20, 1890, the plaintiffs instituted this pro-
ceeding, for the benefit of themselves and other creditors,
against the brothers of the said firm of Crawford, and their
sister, Dolly M. Crawford, charging, among other things, that
at the date of their aforesaid judgment, in the early days of
January, 1885, they, being totally insolvent, conveyed and
assigned to their sister, Miss Dolly M. Crawford, their entire
property, consisting of notes, mortgages, choses in action, ac-
counts, and about 1,300 acres of land, in different tracts.    The
consideration mentioned in these deeds was some $12,000 or
more.    Miss D. M. Crawford did not reside on any of this pro-
perty at the time, nor has she resided there since.    Her brother,
D. R. Crawford, was her general agent to transact all of her
business.    That the said assignment was prearranged between
said defendants for the purpose of defrauding the creditors of
the said D. R. & W. R. Crawford, and that the sale was with-
out consideration and void.    That the said conveyances covered
the entire property of the brothers, and were equivalent to an
assignment, and as such were in violation of the law of the
State.    That the fraud was not discovered by the plaintiffs

until within the last six years. Wherefore, the prayer was that said assignments and conveyances be declared void, and that said defendants account for said property, &c. The defendants answered, denying every charge in the complaint, and insisting that every transaction between the parties was *bona fide*, and pleading the statute of limitations.

It seems that much testimony was taken in open court by his honor, Judge Fraser, who held: (1) That inasmuch as there was no allegation in the complaint that Miss D. M. Crawford, to whom the transfers of the property were made, was a creditor, no case was made out under the assignment act, even if the allegations of the complaint are assumed to be true. (2) That the allegations of actual fraud made it necessary to show that the creditor was *particeps criminis*, in order to defeat the claim under the deed or deeds by which property is transferred, and it was not shown that Miss Crawford had notice of the insolvency of her two brothers, or of the fact that they had conveyed to her all of their property. He further held that, if the plaintiffs have any claim, it is not barred by the statute of limitations; but he dismissed the complaint. From this decree the plaintiffs gave due notice of appeal upon sundry grounds, all stated in the record. Most of them are as to pure questions of fact, and, from the view which the court takes, it will not be necessary to refer specifically to any of them but the first three, viz: "(1) Because, it is respectfully submitted, his honor, Judge Fraser, erred in not holding that the complaint was sufficient under the law known as the 'Assignment Act' (chap. 72, Gen. Stat.) (2) Because he erred in not amending said complaint to conform to the said assignment act, and in not rendering judgment for the plaintiffs in conformity to the evidence. (3) Because he erred in not recommitting the cause, with leave to the plaintiffs to amend the complaint as they might be advised, to conform to the proof," etc.

The complaint certainly stated very strongly some of the usual badges of fraud, but there was no distinct allegation that Miss Crawford was a creditor to a large amount of her brothers, codefendants, and that the aforesaid conveyances of their property were in payment of her claims

as creditor, thus giving an unlawful preference under the assignment act. And we cannot, therefore, say that the Circuit Judge committed error, in holding that "no case was made out under the assignment act." See *Miller* v. *Hughes*, 33 S. C., 530. It is a little remarkable that the joint answer of the defendants also failed to state that Miss Crawford was a creditor of her brothers, or that the aforesaid conveyances were executed to her in discharge, in whole or in part, of her claims as such creditor. But, on the contrary, the answer of the defendants stated, in the most general way, that every transaction had between the parties was based upon a full and valuable consideration, and was entirely free from all fraud, or intention to defraud anybody; thus indicating that she was a purchaser *bona fide*, and for full value. This may account for the fact that no motion was made to amend the complaint in the matter to which objection was made. In looking through the case, it seems that the whole of it was not heard, or at least not considered, and that there may possibly be enough in it to authorize the court to remand it to the Circuit Court for a new trial, when the whole case and all parties may be heard, with leave to the plaintiffs, if so advised, to apply to that court for such amendments as may be deemed proper to effect the ends indicated. *Elder* v. *Greene*, 34 S. C., 159.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to the Circuit Court for a new trial, with leave to the plaintiffs, if so advised, to apply for such amendments of the complaint as may be deemed proper by the Circuit Court.

Mr. Justice Pope concurred.

Mr. Chief Justice McIver, *dissenting.* It seems to me that there were but two questions presented by the pleadings in this case: (1) Whether the transfers of their property, made by D. R. & W. R. Crawford to their sister, D. M. Crawford, were void under the provisions of the assignment act (section 2014, 2015, Gen. Stat.) (2) Whether such transfers were made with intent to hinder, delay and defraud the creditors of D. R. & W. R. Crawford, and, therefore, void under the statute of Eliza-

beth. Both of these questions were considered and determined by the Circuit Judge. His conclusion in regard to the first question is approved by Mr. Justice McGowan, and in this I concur. The second question depends mainly, if not entirely, upon matters of fact; and under the well settled rule, the conclusion reached by the Circuit Judge must be sustained, unless there is either no testimony to support it, or it is manifestly against the weight of the testimony. It certainly cannot be said that there is no testimony to sustain the conclusion reached by the Circuit Judge, nor, do I think, can it justly be said that his conclusion is against the manifest weight of the testimony. Indeed, the weight of the testimony, as it seems to me, is in favor of the view taken by the Circuit Judge. There is no sufficient evidence to show that Miss D. M. Crawford participated in, or even had any guilty knowledge of, the fraud, if fraud there was; and that, under the authorities, is clearly necessary to set aside a conveyance or transfer of property impeached for actual fraud. Nor does it seem to me that there was any such gross inadequacy of consideration as would imply fraud.

If, then, there is no ground for reversing the judgment, I do not think that the case can be sent back for the purpose of enabling the plaintiffs to apply for an amendment to their complaint, which was not asked for below or ruled upon by the Circuit Judge. This court, in the exercise of its appellate power, can only review some rulings below; and when there has been no ruling, and none asked for, I do not see what there is for this court to review. The rule, as I understand it, is that where this court finds no error in the judgment appealed from, the case cannot be remanded for the purpose of enabling the appellant to apply for an amendment making a new or different case, which had not been applied for in the Circuit Court, and upon which, therefore, that court had never been called upon to pass. *Field* v. *Watson*, 23 S. C., at pages 54 and 55.

It is true, however, that where, as in the cases of *Finley* v. *Robertson*, 17 S. C., 435; *Graveley* v. *Graveley*, 20 *Id.*, 93; and *Elder* v. *Greene*, 34 *Id.*, 154—this court has found other errors

in the judgment appealed from, rendering it necessary to remand the case, it may grant permission to apply for leave to amend in the Circuit Court; but I do not think any case can be found where this court has undertaken to remand a case in which no error has been found, simply for the purpose of enabling the appellant to move for an amendment which had never been applied for in the Circuit Court, and upon which, therefore, that court had never made, nor been called upon to make, any ruling.

It seems to me, therefore, that the judgment of the Circuit Court should be affirmed.

Judgment reversed.